UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERT CENTORE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 2:13-cv-324-DBH |
| | ) |
| BENTLEY'S SALOON, LLC, | ) |
| | ) |
|     Defendant | ) |

REPORT OF HEARING AND ORDER RE: DISCOVERY DISPUTE

Held in Portland by telephone on March 24, 2015, at 1:00 p.m.

Presiding:        John H. Rich III, United States Magistrate Judge

Appearances:     For the Plaintiff: Lisa Butler, Esq.

                      For the Defendant: Robert Kline, Esq.

.

The telephone conference was held, as contemplated in my report of a teleconference held on March 18, 2015, *see* ECF No. 56, to address disputes regarding punitive damages-related discovery with respect to which I ordered the parties to further meet and confer and provide a status update. I had the benefit of the parties' status update, emailed to the court on March 23, 2015, as well as separate emails from Attorney Kline on March 20 and 24, 2015. The parties were unable to narrow their disputes.

The defendant objected to the production of financial information requested *via* the plaintiff's Interrogatory No. 22 and Requests for Production of Documents Nos. 36-40 on the bases that, as a matter of law, its financial information should not be discoverable prior to a jury's verdict on liability and, in any event, its information was proprietary and confidential. More recently the

1

defendant argued, in the alternative, that the information should not be discoverable absent a *prima face* showing by the plaintiff of the viability of his punitive damages claim. The defendant cited a number of authorities, all from other jurisdictions, in support of these points.

The plaintiff countered that the law in this jurisdiction, and in the majority of jurisdictions considering the issue, is that financial information bearing on punitive damages is discoverable prior to trial, a proposition for which he cited *St. Joseph Hosp. v. INA Underwriters Ins. Co.*, 117 F.R.D. 24, 25-26 (D. Me. 1987), and *EEOC v. Braun Elec. Co.*, No. 1:12-cv-01592-LJO-JLT, 2014 WL 356998, at *4 (E.D. Cal. Jan. 24, 2014). The plaintiff further argued that, to the extent that the defendant is concerned about confidentiality, information can be designated as confidential pursuant to the confidentiality order already entered in this case, ECF No. 10, and to the extent that the defendant expresses concern that the plaintiff, a former competitor, would have access to its proprietary information, the plaintiff operated a café only from 2003 to 2006 and is now in the construction business.

Shortly before today's teleconference, Attorney Kline sent an exchange of emails in which the defendant proposed to produce, for purposes of discovery only and subject to designation as confidential pursuant to the confidentiality order and the reinforcement of that order with the plaintiff, "a presentation with the following detail" for the time frame 2010 through 2013 and projected for 2014: (i) gross revenues, (ii) net operating income, (iii) depreciation and taxes, (iv) rent, (v) other operating expenses, net of depreciation, taxes, and rent, and (vi) and adjusted net (loss). Attorney Butler rejected that proposal, stating that she believed the plaintiff was entitled to documentation backing up the proposed financial statement.

Following argument, and treating Attorney Butler's request for the court's assistance as an oral motion to compel production of the requested information and documents, I **<u>GRANTED</u>** it, reasoning that:

1. In *St. Joseph*, this court compelled defendants to respond to a plaintiff's discovery requests for financial information relevant to its request for punitive damages, rejecting their argument that such discovery should not be permitted because the punitive damages claim was without basis in law or fact. *See St. Joseph*, 117 F.R.D. at 25-26. Attorney Kline noted that this case has not been cited again by this district – at least in published caselaw – in the nearly 30 years since its issuance. However, the case has never been repudiated, and it is still good law. Moreover, as Attorney Butler noted, *St. Joseph* was cited with favor by the United States District Court for the Eastern District of California in the 2014 *Braun* case, in which that court noted that "a majority of federal courts do not require the plaintiff to demonstrate punitive damages will be recovered to discover information relating to the defendant's financial condition in advance of trial." *Braun*, 2014 WL 356998, at *4 (citation and internal quotation marks omitted). Caselaw cited by the defendant for the proposition that the requested information should not be discoverable and/or admissible until after a jury verdict on liability is distinguishable in that it relies on the state law of other jurisdictions or interpretations of federal law not adopted by the First Circuit or this court. *See Doralee Estates, Inc. v. Cities Serv. Oil. Co.*, 569 F.2d 716, 723 n.9 (2d Cir. 1977); *Ripberger v. Corizon, Inc.*, No. 1:11-cv-01394-TWP-MJD, 2012 WL 4340716, at *4 (S.D. Ind. Sept. 20, 2012); *Wilson v. Gillis Advertising Co.*, 145 F.R.D. 578, 580-82 (N.D. Ala. 1993); *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 843-44 (Md. Ct. App. 2004); *Montgomery Ward Stores v. Wilson*, 647 A.2d 1218, 1225-26 (Md. Ct. Spec. App. 1994), *rev'd in part on other grounds*, 664 A.2d 916 (Md. Ct. App. 1995); *Hanners v. Balfour Guthrie, Inc.*, 589 So.2d 684,

685-86 (Ala. 1991); *Campen v. Stone*, 635 P.2d 1121, 1132 (Wyo. 1981); *Varriale v. Saratoga Harness Racing, Inc.*, 429 N.Y.S.2d 302, 303-04 (N.Y. App. Div. 1980).

2. As Attorney Butler argued, the defendant waived its alternative argument that the plaintiff should be obliged to make a *prima facie* showing of the viability of its punitive damages claim by failing to raise it in objecting to the discovery requests at issue. *See, e.g., Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("When the parties fail to make specific legitimate objections to particular interrogatories within the time allowed, the court may appropriately deem objections to those interrogatories waived. The same can be said of failing to make specific legitimate objections to requests for production.") (citation and internal quotation marks omitted). In any event, the defendant again relies on caselaw interpreting other states' law, or interpreting federal law in a manner at odds with that of this court, in support of that proposition. Finally, even if I were to overlook the defendant's waiver of this point and impose such a condition, the defendant failed to avail itself of an opportunity to test the validity of the plaintiff's punitive damages claim when it filed its motion for summary judgment. It is too late now.

3. As the defendant recognized in making its most recent offer to disclose certain information, and Attorney Kline acknowledged during the teleconference, the confidentiality of its information can be protected by its designation as confidential pursuant to the confidentiality order.

4. The defendant fails to make a sufficient showing to justify the withholding of information from the plaintiff on the ground that he was, and again might be, a competitor. The plaintiff has not been in a competitive business since 2006. The defendant offers no basis, other than speculation, to believe that he has any plans to go into the café business again.

The defendant is, therefore, **_ORDERED_** to produce to the plaintiff no later than April 7, 2015, to the extent in its possession, custody, or control, the information and documents requested *via* Interrogatory No. 22 (seeking identification of the defendant's gross and net revenues, gross and net profits, and earnings for 2008-14), and Requests for Production of Documents Nos. 36-40 (all financial statements of the defendant from 2010 to the present; documents, records, and information in any form or format showing or tending to show the revenues and liabilities of the defendant, and the change in such revenues and liabilities, between January 1, 2010, and the present; any record, evidence, appraisals, or documents in any form or format assessing, appraising, or purporting to assess, appraise, or estimate the fair market value of the defendant's assets; all documents, records, and evidence in any form or format tending to indicate the amount of liquid assets which defendant has on hand, or can reasonably access, either through borrowing or through transfer from corporate affiliates or parents; and all records or documents containing projections or estimates of the defendant's projected earnings for fiscal years 2014-16).

That said, given that this case is on the eve of trial, I encouraged the parties to exercise restraint and pragmatism to avoid or, if need be, resolve disputes relating to the completeness of the defendant's production, in line with the "proportionality" concept embodied in Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (iii) (the frequency or extent of otherwise allowable discovery may be limited if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues").[1]

---

[1] Following my ruling, Attorney Kline objected that the plaintiff had waived his motion to compel by failing to press it until more than four months after Judge Hornby's ruling on summary judgment. Attorney Butler explained that the

Case 2:13-cv-00324-DBH   Document 59   Filed 03/24/15   Page 6 of 6   PageID #: 525

*SO ORDERED*.

## CERTIFICATE AND NOTICE

A. This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B. In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 24th day of March, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

plaintiff had waited because the defendant had filed a motion to continue, which the court granted. I *OVERRULED* the objection, reasoning that the motion was not untimely brought in view of my order deferring resolution of these disputes until after the adjudication of the defendant's summary judgment motion, *see* ECF No. 18 at 2-3, which recognized a temporal difference between punitive-damages related discovery and other discovery. I further *DENIED* an oral motion by Attorney Kline to order the plaintiff to pay the costs of producing the discovery at issue.